RECEIVED
SDNY PRO SE OFFICE
2025 AUG -4  AM 10: 46

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Zi Xiu Zang,
Plaintiff,

v.

Bank of America Corporation,
Defendant.

Case No.: 1:25-cv-06224
(Civil Court Index No.: CV-012005-25/NY)

MOTION TO REMAND

Plaintiff Zi Xiu Zang, proceeding pro se, respectfully moves this Court for an Order remanding this case to the Civil Court of the City of New York, Index No. CV-012005-25/NY, pursuant to 28 U.S.C. § 1447(c), and states as follows:

1. This case was originally filed in the Civil Court of the City of New York on June 20, 2025.
2. Defendant filed a Notice of Removal on July 29, 2025, asserting federal-question jurisdiction under 28 U.S.C. § 1331 based on alleged claims under the Fair Credit Billing Act ("FCBA").
3. Plaintiff's claims are brought solely under New York State law, specifically New York General Business Law § 520-e, and do not arise under federal law.
4. The mere reference to federal law in the Complaint does not create federal-question jurisdiction. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986).
5. The amount in controversy is $8,621.62, far below the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332, and both parties are citizens of New York, eliminating diversity jurisdiction.
6. Under 28 U.S.C. § 1447(c), when subject-matter jurisdiction is lacking, the Court must remand the case to state court.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Remand, remand this case to the Civil Court of the City of New York, and grant such other relief as the Court deems just and proper.

Dated: August 4, 2025
Respectfully submitted,

*/s/ Zi Xiu Zang*

Zi Xiu Zang
33 Dumont Ave.
Staten Island, NY 10305
Email: paul.jiang1@gmail.com
Plaintiff, Pro Se

Plaintiff's state court complaint alleges that Bank of America's conduct "violates the Fair Credit Billing Act (FCBA) and the New York General Business Law § 520-e." *See* Dkt. 1-1. Plaintiff moves for remand, arguing that their claims are brought solely under state law. "[C]ourts in this Circuit generally grant motions to remand where . . . a plaintiff voluntarily dismisses all of its federal claims prior to the beginning of discovery." *Nix v. Off. of Comm'r of Baseball*, 2017 WL 2889503, at *4 (S.D.N.Y. July 6, 2017). The Court construes plaintiff's motion to remand as a withdrawal of their federal claim. Accordingly, plaintiff's claim under the FCBA is DISMISSED and the motion to remand is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 10 and close this case.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: August 20, 2025